| | |
|---|---|
| Brandon P. Leahy (SBN 298064) <br> **DUANE MORRIS LLP** <br> Spear Tower <br> One Market Plaza, Suite 2200 <br> San Francisco, CA 94105-1127 <br> Telephone: +1 415 957 3000 <br> Fax: +1 415 957 3001 <br> E-mail: bleahy@duanemorris.com <br><br> Attorneys for Plaintiff <br> MICHAEL GRECCO PRODUCTIONS, INC. | |

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# (SAN JOSE DIVISION)

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE dba TRADINGPOSTSTORE.COM, <br><br> Defendant. | Case No.: 5:16-cv-04939-NC <br><br> **PLAINTIFF'S MOTION FOR LEAVE TO SERVE EXPEDITED DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date: ____ <br> Time: 1:00 p.m. <br> Courtroom: 7, 4th Floor <br> Magistrate Judge: Nathanael M. Cousins <br><br> Complaint Filed: August 26, 2016 |

Plaintiff MICHAEL GRECCO PRODUCTIONS, INC. ("Plaintiff') moves for leave to take expedited discovery from third-party Shopify, Inc. ("Shopify"). Specifically, Plaintiff requests leave to serve a subpoena on Shopify pursuant to Federal Rule of Civil Procedure 45 for the limited purpose of identifying and serving the John Doe defendant in this case ("Defendant").

This discovery is needed to enable Plaintiff to identify the entity or individual responsible for engaging in the conduct complained of in the Complaint filed in this action. The Complaint sets out information currently known to Plaintiff regarding the Defendant's act of willful copyright infringement. (See Complaint, Dkt. No. 1.) Specifically, the Complaint identifies Defendant's actions of reproducing, distributing and publicly displaying Plaintiff's copyrighted photographic image without Plaintiff's permission, in connection with Defendant's on-line ecommerce retail store. At this time, Plaintiff cannot specifically identify the party that owns the retail website at issue, because Defendant is using a trade name for its website without identifying its registered corporate name, or even its location or state of incorporation. Defendant's actual identity only is available through the proposed discovery. The discovery needs to be expedited so that the information can be utilized to identify the Doe defendant and to serve it with the summons and Complaint. For these reasons, Plaintiff respectfully requests that the Court grant its motion for expedited discovery.

Dated: September 13, 2016  **DUANE MORRIS LLP**

By: */s / Brandon P. Leahy*
Brandon P. Leahy

Attorneys for Plaintiff
MICHAEL GRECCO PRODUCTIONS, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  BACKGROUND

As set forth in the Complaint, Plaintiff is a photography studio and film production business owned and operated by award-winning commercial photographer and film director Michael Grecco. Complaint, ¶ 2, Dkt. No. 1. The website http://www.tradingpoststore.com (the "Website") has displayed, and at this time continues to display, Plaintiff's timely registered copyrighted work without Plaintiff's authorization.  *Id.*, ¶¶ 13, 14, 15.  Plaintiff is without knowledge of the true identity of the operator of the Website, and therefore filed this Complaint against a John Doe defendant ("Defendant").  Declaration of Brandon P. Leahy ("Leahy Decl."), ¶ 2.  The Website states that it is located in Chapel Hill, North Carolina, but no business entity registered in the name Trading Post Store could be found in North Carolina, or elsewhere.  Complaint, ¶ 3, Dkt. No. 1; Leahy Decl., ¶ 3.  The Website does not provide a business address.  Leahy Decl., ¶ 3.  The "About us" page repeatedly refers to the first person "I" or "We" ("I love online retail and getting people what they want"; "We have Mark Kern on logistics and customer service and of course myself") without identifying who the speaker is.  *Id*.  Expedited discovery is therefore required to identify the operator of the Website and proceed with this action.  As set forth in the Complaint, the Website is using the web hosting service Shopify, Inc. Complaint, ¶ 6, Dkt. No. 1; Leahy Decl., ¶ 4.  Plaintiff intends on serving discovery on Shopify for the purpose of identifying the Defendant.  Specifically, Plaintiff wishes to serve a subpoena on Shopify to obtain the Defendant's name, address, telephone number, and email address, as well as documents sufficient to identify the IP address or addresses used to create, operate, and access the Website.  (See *Assef v. Does 1-10,* No. 15-CV-01960-MEJ, 2015 WL 3430241, at *3 (N.D. Cal. May 28, 2015) (*Assef*) [granting an application for expedited discovery so the plaintiff could subpoena third-party Google to learn the defendants' identities].)

## II.  ARGUMENT

Federal Rule of Civil Procedure 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order." Courts in the Ninth Circuit grant orders for expedited discovery in order to ascertain the identity of John Doe defendants upon a showing of good cause (*Semitool, Inc. v. Tokyo Electron. Am., Inc.*, 208

F.R.D. 273, 275 (N.D. Cal. 2002)) unless the court finds that discovery "would not uncover [the defendants' identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Am. Legalnet, Inc. v. Davis*, 673 F.Supp.2d 1063, 1066 (C.D. Cal. 2009).  In the Internet context, this requires balancing "the need to provide injured parties with a[] [sic] forum in which they may seek redress for grievances" against "the legitimate and valuable right to participate in online forums anonymously or pseudonymously . . . without fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discovery their identity." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999 (*Columbia Ins. Co.*.)

In *Assef*, the Northern District of California court found that the plaintiffs' need for expedited discovery outweighed any prejudice to third-party Google, on whom the plaintiffs sought discovery, because the plaintiffs could not identify the defendants, which meant the matter could not proceed forward, and the plaintiffs would continue to suffer ongoing, continuous injury due to the defendants' illegal activities.  (*Assef*, 2015 WL 3430241, at *3.)  The court also found no prejudice to Google because the Rule 45 subpoena only sought to identify the defendants' contact information in order to advise them of suit.

This case presents a very similar situation to that in *Assef*, and an order granting expedited discovery should likewise follow.  Here, Defendant has displayed, and at the time of writing is continuing to display, Plaintiff's copyrighted work without Plaintiff's authorization.  Leahy Decl, ¶ 2.  And unlike in other Internet contexts, the complained of activity does not involve the participation in forums or other essentially First Amendment activity.  *See Columbia Ins. Co.*, 185 F.R.D. 573.  Rather, it involves willful copyright infringement for economic advantage.  *See* Complaint, ¶¶ 13-20, Dkt. 1. Plaintiff will thus continue to suffer ongoing, continuous injury due to Defendants' illegal activities.  The need for expedited discovery is also great because Defendant cannot be served – and the action thus cannot proceed – until Defendant's identity is discovered. There is also no prejudice to Shopify.  As the web host for the Website (see Leahy Decl., ¶ 5),

Shopify is uniquely capable of informing Plaintiff of the Defendant's identity, and the request being made of it will be limited.  As in *Assef*, and as set forth in the accompanying Proposed Order, Plaintiff is only seeking with this expedited discovery motion to obtain documents sufficient to identify the names, addresses, telephone numbers, and email addresses of the individuals and/or entities who created the Website; documents sufficient to identify the IP [Internet Protocol] addresses used to create, operate and access the Website; and documents relating to the individuals and/or entities who created, own and operate the Website.  With this information, Plaintiff will be able to either amend the Complaint to name the Defendant, or to determine what additional subpoenas will be necessary to determine the Defendant's identity.

### III. CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court enter an order granting Plaintiff's Motion for Leave to Serve Expedited Discovery, allow Plaintiff to immediately subpoena Shopify, and to require Shopify's response to the discovery within 14 days for the limited purpose of discovering defendant's identity.

Dated: September 13, 2016

**DUANE MORRIS LLP**

By: */s / Brandon P. Leahy*
Brandon P. Leahy

Attorneys for Plaintiff
MICHAEL GRECCO PRODUCTIONS, INC.