1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9

10   MICHAEL GRECCO PRODUCTIONS,
     INC.,                                    Case No. 16-cv-04939 NC
11
                      Plaintiff,              **ORDER GRANTING MOTION FOR**
12                                            **EXPEDITED DISCOVERY**
              v.
13                                            Re: Dkt. No. 7

14   JOHN DOE DBA
     TRADINGPOSTSTORE.COM,
15                    Defendant.

16

17        Plaintiff Michael Grecco Productions, Inc. moves for expedited third party

18   discovery to learn the identities of unknown defendants.  Dkt. No. 7.  In this copyright

19   infringement case, Grecco seeks to subpoena Shopify, Inc. to uncover the identities of doe

20   defendants who allegedly infringed on Grecco's copyright.  Because Grecco shows good

21   cause in its motion, the Court GRANTS the motion.

22   **I.     BACKGROUND**

23        **A.    Facts**

24        Grecco is a photography studio and film production business.  *Id*. at 3.  According

25   to Grecco, defendants posted its work, a registered copyrighted photograph, without

26   authorization on their website http://www.tradingpoststore.com.  *Id*.  Grecco does not

27   know the identities of defendants.  *Id*.  The website states the business is located in Chapel

28   Hill, North Carolina, but according to Grecco, "no business entity registered in the name

     Case No. 16-cv-04939 NC

1  Trading Post Store could be found in North Carolina, or elsewhere." *Id.*

2  Tradingpoststore.com uses the website hosting service Shopify, Inc. *Id.*

3  ### B.   Procedural History

4  On August 26, 2016, Grecco filed a complaint alleging direct copyright

5  infringement.  Dkt. No. 1.  On September 13, 2016, Grecco filed an ex parte motion

6  seeking an order that would allow it to subpoena Shopify, Inc.  Dkt. No. 7.  Grecco's

7  purpose in seeking this information from Shopify is to discover defendants' names and

8  contact information, "as well as documents sufficient to identify the IP address or

9  addresses used to create, operate, and access" tradingpoststore.com. *Id.* at 3.  In support of

10  its motion, Grecco filed a supplemental declaration detailing its efforts to contact Shopify.

11  Dkt. No. 10.  Attorney Stephen Cowley declared he emailed Shopify to request the name

12  and contact information of the "principals" of Tradingpoststore. *Id.* at 2.  Shopify declined

13  to provide that information absent a subpoena. *Id.* at 3.  Cowley also emailed the address

14  listed on defendants' website, but his email was not delivered as it was blocked. *Id.* at 3-4.

15  ## II.   Discussion

16  Ordinarily, a party may not seek discovery from any source before the initial Rule

17  26(f) planning conference.  Fed. R. Civ. P. 26(d).  But the court may authorize discovery

18  before the Rule 26(f) conference for good cause and in the interests of justice.  Fed. R. Civ.

19  P. 26(d); *Semitool, Inc. v. Tokyo Electron America, Inc*., 208 F.R.D. 273, 276 (N.D. Cal.

20  2002)).  Good cause may exist where, in consideration of the administration of justice, the

21  need for expedited discovery outweighs the prejudice to a responding party. *OpenMind*

22  *Solutions, Inc. v. Does 1-39*, No. 11-cv-3311 MEJ, 2011 WL 4715200, at *2 (N.D. Cal.

23  Oct. 7, 2011).

24  A plaintiff who does not know the identities of defendants before filing a complaint

25  should be given the opportunity to identify the defendants through discovery unless it is

26  clear from the face of the complaint that it would be dismissed on other grounds, or that

27  discovery would not identify defendants. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.

28  1980).  In evaluating whether a plaintiff establishes good cause to identify defendants

United States District Court
Northern District of California

through expedited discovery, courts consider whether: (1) the plaintiff can identify the missing party with sufficient specificity so the Court can determine the defendant is a real person or entity who could be sued in federal court; (2) the plaintiff identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit could withstand a motion to dismiss; and (4) the plaintiff demonstrated a reasonable likelihood of being able to identify the defendant through discovery so service of process would be possible. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999)).

**A.    Grecco Identified Defendants with Sufficient Specificity.**

First, the Court examines if the plaintiff identified defendants with sufficient specificity, so that each defendant is a real person or entity subject to the Court's jurisdiction. *Columbia Ins. Co.*, 185 F.R.D. at 578.  Here, Grecco's investigation suggests defendants are real persons or entities committing copyright infringement by placing its photograph on their website.  On Tradingpoststore's website, in the "About Us" section, an unknown speaker uses the first person to discuss the business.  Dkt. No. 7 at 3.  These facts suggest real people or entities placed Grecco's work on the website.  Thus, the Court finds Grecco provided sufficient specificity to demonstrate defendants are real people or entities.

**B.    Grecco Identified the Prior Steps Taken To Identify Defendants.**

Second, the plaintiff must identify the steps taken to identify the elusive defendant. *Columbia Ins. Co.*, 185 F.R.D. at 579.  Here, attorney Cowley contacted Shopify, and unsuccessfully requested the name and contact information of defendants.  Dkt. No. 10 at 2-3.  Shopify refused to provide such data absent a subpoena. *Id.* at 3.  Also, Cowley emailed defendants' listed contact, but his email was not delivered as blocked. *Id.* at 3-4.  Thus, the Court finds Grecco investigated and took steps to discover defendants' identities.

**C.    Grecco's Suit Would Withstand a Motion to Dismiss.**

Third, the Court considers whether Grecco's complaint would survive a motion to dismiss. *Columbia Ins. Co.*, 185 F.R.D. at 579.  To survive a motion to dismiss, a plaintiff must present "a short and plain statement of the claim" showing it is entitled to relief, and giving a defendant "fair notice of what the . . . claim is and the grounds upon which it

1    rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*,

2    355 U.S. 41, 47 (1957)).

3         Grecco alleges direct copyright infringement.  "To establish copyright infringement,

4    a plaintiff must prove two elements: '(1) ownership of a valid copyright, and (2) copying

5    of constituent elements of the work that are original.'"  *L.A. Printex Indus., Inc. v.

6    Aeropostale, Inc*., 676 F.3d 841, 846 (9th Cir. 2012) (quoting *Feist Publ'ns, Inc. v. Rural

7    Tel. Serv. Co*., 499 U.S. 340, 361 (1991)).  Here, Grecco alleged it owned a valid and

8    registered copyright over the photograph at issue.  Dkt. No. 1 at 3.  Grecco also alleged

9    that Tradingpoststore "reproduced, distributed and publicly displayed, without [Grecco's]

10   authorization," Grecco's copyrighted photograph.  *Id*.  Because Grecco alleged ownership

11   and an unauthorized reproduction of its work on Tradingpoststore.com, the Court finds

12   Grecco stated a claim for direct copyright infringement.  *L.A. Printex*, 676 F.3d at 846.

13        In addition, Grecco has shown the Court would have specific personal jurisdiction

14   over its claim for purposes of this motion.  For a Court to exercise specific personal

15   jurisdiction over a defendant, it must determine that (1) the defendant purposefully

16   directed its activities to the forum or purposefully availed itself of the privilege of

17   conducting activities in the forum; (2) the claim arose out of or is related to forum related

18   activities; and (3) the exercise of jurisdiction is reasonable.  *Schwarzenegger v. Fred

19   Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004); *Yahoo! Inc. v. La Ligue Contre Le

20   Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006); *Panavision Int'l, L.P. v.

21   Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) (finding specific personal jurisdiction where

22   defendant registered plaintiff's trademarks as his domain names to extort plaintiff, and

23   where he knew his conduct likely had the effect of injuring plaintiff in its principal place of

24   business).  For purposes of this motion, the Court finds persuasive Grecco's contention

25   that defendants "transacted with a California firm providing eCommerce services to

26   market, distribute and facilitate the Defendants' website that unlawfully displayed

27   Plaintiff's copyrighted material."  Dkt No. 13 at 3.  The Court further finds defendants'

28   actions were aimed towards California, and would foreseeably have effects in this state.

United States District Court
Northern District of California

1    *Yahoo!*, 433 F.3d at 1206; *Panavision*, 141 F.3d at 1320.

2        **D.**    **Grecco Demonstrated a Likelihood of Being Able to Identify Defendants.**

3        Lastly, the Court examines whether a reasonable likelihood exists that the proposed

4    discovery will lead to identifying information about the defendants making service of

5    process possible. *Columbia Ins. Co*., 185 F.R.D. at 580. Grecco argues that "Shopify is

6    uniquely capable of informing Plaintiff of the Defendant's identity," and that with that

7    information Grecco will be able to amend its complaint to name a defendant or "determine

8    what additional subpoenas will be necessary" to determine defendants' identities. Dkt. No.

9    7 at 5. The Court agrees that the identifying information Shopify, Inc. may provide will

10   likely assist Grecco in identifying defendants and making service of process possible.

11       **E.**    **Shopify Would Suffer Minimal Prejudice from the Proposed Discovery.**

12       A court may find good cause where the need for expedited discovery, in

13   consideration of the administration of justice, outweighs the prejudice to the responding

14   party. *Semitool*, 208 F.R.D. at 276. Here, Grecco contends that once Shopify is

15   subpoenaed, it will be able to provide Grecco with identifying information, or with ISP

16   information. *See* Dkt. No. 7 at 5. The Court agrees that Shopify would suffer a minimal

17   burden from providing identifying data. Accordingly, the Court finds early discovery of

18   defendants' identifying information furthers the interests of justice and poses minimal

19   prejudice to Shopify. Should Shopify or later-identified defendants object to some portion

20   of this discovery, they may seek a protective order from the Court.

21   **III.**    **CONCLUSION**

22       The Court concludes Grecco has shown good cause for expedited discovery as to

23   Shopify, Inc. Therefore, the Court GRANTS the motion for expedited discovery. Within

24   7 days of this order, Grecco may serve a subpoena pursuant to Federal Rule of Civil

25   Procedure 45 on Shopify, Inc. to obtain the defendants' name(s), address(es), telephone

26   number(s), and email address(es), as well as documents sufficient to identify the IP

27   address(es) used to create, operate, and access the website

28   http://www.tradingpoststore.com.

United States District Court
Northern District of California

1

**IT IS SO ORDERED.**

2

3    Dated:  October 11, 2016                    _____

4                                               NATHANAEL M. COUSINS
                                                United States Magistrate Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28